**STATE of Missouri, Respondent,**

v.

**Lawrence RORIE, Appellant.**

**No. 46186.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 4, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynn Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Lawrence Rorie guilty of selling over thirty-five grams of marijuana. § 195.020, RSMo 1978. The trial court sentenced defendant as a persistent offender to 10 years in prison.

The evidentiary sufficiency is unchallenged. Policeman Massey stopped defendant's unlighted speeding car. Defendant

ran off carrying a brown bag, later found to contain almost 900 grams of marijuana. Officer Massey chased defendant into the house of Ralph Hall and arrested defendant as he dropped the bag. Hall was asleep when the officers arrived. Officer Eichleberg had seen defendant's flight, his arrest and the seized marijuana.

Defense witnesses testified to defendant's arrest but denied seeing the paper bag police had described. Defendant did not testify.

Here on appeal defendant contends that after defense witness Ralph Hall had refused to testify on the ground of self-incrimination the trial court, after defense objection, allowed the prosecutor to cross-examine Hall in a way to create an inference witness Hall had claimed the privilege because of a conversation he had with the defendant.

Defense counsel had called Ralph Hall as a witness. After he gave his name and address he refused three times to answer on grounds of self-incrimination to tell his whereabouts when police arrested defendant.

On cross-examination, without defense objection, the prosecutor questioned witness Hall. He refused to answer questions about who had told him to refuse to answer, about never having the subject marijuana and about having a shotgun. At the bench defense counsel then asked the court to require the state to either make an offer of proof or exclude any further questions. The court sustained the defense "objection". The prosecutor then said he intended to question Hall about other crimes and defense counsel objected on the ground that would be "totally improper". The court did not rule but the prosecutor then stopped his cross-examination.

As said, here defendant claims error in allowing the prosecutor to cross-examine witness Hall in a way that implied Hall had refused to answer because of a conversation he had had with defendant.

We deny defendant's argument. First, the record does not show defendant had any

conversation with witness Hall about not testifying. Next, defense counsel did not make a specific objection, as he must, to the now-challenged cross-examination. See *State v. Haas,* 610 S.W.2d 68[1, 2] (Mo.App. 1980). And, the trial court had a wide discretion in deciding the extent of cross-examination particularly as to collateral matters. *State v. Johnson,* 486 S.W.2d 491[4, 5] (Mo.1972).

Finally, in view of overwhelming evidence of defendant's guilt we hold the alleged error was harmless. See *State v. Degraffenreid,* 477 S.W.2d 57[15] (Mo. banc 1972).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.